## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FRANK PALACIOS**,

      Plaintiff,

      v.

**THOMAS MODLY**, Acting Secretary of the Navy,

      Defendant.

Case No. 19-cv-450-CRC

## MEMORANDUM OPINION

Persistence frequently pays off, but not in this case. Four years ago, plaintiff Frank Palacios brought a lawsuit in this Court challenging a decision by the Board of Correction of Naval Records to let stand its earlier refusal to upgrade his "other than honorable" discharge from the Marine Corps. The Court dismissed the suit. In so doing, it expressly found that the board's decision was not final agency action and therefore was not subject to judicial review under the Administrative Procedure Act. Palacios responded by bringing another, almost identical lawsuit challenging the same decision. Because the doctrine of issue preclusion bars Palacios from relitigating the reviewability of the board's decision, the Court must dismiss this suit as well.

### I.  Background

Mr. Palacios briefly served in the U.S. Marine Corps in the 1990s. According to his complaint, at some point during his service he sought a medical discharge following a diagnosis of lower back pain. Before completing the requisite evaluation process, however, Palacios was discharged "under other than honorable conditions" ("OTH") for failing to control his weight and other performance-related deficiencies. Compl. ¶¶ 9-12. Palacios unsuccessfully appealed

his discharge status before the Naval Discharge Review Board ("NDRB").  Id. ¶ 13.  He later

applied for a correction of status with the Board of Correction of Naval Records ("BCNR"),

which was denied in September 2010.  Id. ¶¶ 17-18.  The following year, Palacios challenged his

OTH discharge in the U.S. Court of Federal Claims.  Palacios v. United States, 100 Fed. Cl. 656,

657 (2011).  The Claims Court dismissed Palacios' suit for lack of subject matter jurisdiction

because the applicable statute of limitations had run, id., and the Federal Circuit affirmed,

Palacios v. United States, No. 2012-5028, 2012 WL 2415348 (Fed. Cir. Mar. 8, 2012).

Undeterred, Palacios returned to the BCNR in September 2013 with a request that it reconsider

its earlier denial of his correction-of-status application.  Palacios v. Spencer ("Palacios I"), 267

F. Supp. 3d 1, 3 (D.D.C. 2017).  The Board rejected the request for reconsideration in January

2015, explaining that although it had made a "careful and conscientious consideration of the

entire record," the "new *argument*" Palacios advanced—that his "discharge was causally

connected to [his] 'diminished physical and mental condition' stemming from an injury to [his]

lumbar spine"—was "insufficient to warrant further consideration of [his] application."  Id.  The

Board explained that reconsideration could only occur upon "submission of new and material

*evidence*."  Mot. to Dismiss. Exh. A (emphasis added).

In October 2016, Palacios brought suit in this Court, claiming that the BCNR's 2015

denial of reconsideration violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2).

See Palacios I, 267 F. Supp. 3d at 3.  The Court granted the government's motion to dismiss on

the grounds that Palacios' claim, which included a demand for back pay exceeding $10,000, was

subject to the Tucker Act, 28 U.S.C. § 1491(a)(1), and therefore fell within the exclusive

jurisdiction of the Court of Federal Claims.  See Palacios I, 267 F. Supp. 3d at 4-6.  Although

Palacios sought leave to amend his complaint in order to drop the demand for back pay, the

Court denied that request, finding that any amendment would be futile "because the 2015 Board

decision he challenges is not 'final agency action[.]'" Id. at 7.  As the Court explained, an

agency's denial of a request to reconsider a prior decision is not final agency action unless the

party seeking review "allege[d] 'new evidence' or 'changed circumstances' that were not

previously before the agency," or the Board "reopen[ed] a matter and, after reconsideration,

issue[d] a new and final order." Id. (quoting Sendra Corp. v. Magaw, 111 F.3d 162, 166-67

(D.C. Cir. 1997)).  Although his initial complaint baldly alleged that he submitted "new and

material evidence" to the Board, Compl. ¶ 23, Palacios I, No. 16-2110 (D.D.C. Oct. 22, 2016),

ECF No. 1, neither the complaint nor the Board's decision letter identified any evidence that was

put before the Board in connection with the Palacios' reconsideration request that was not

available to it previously.  Palacios I, 267 F. Supp. 3d at 7.  Nor did the Board indicate that it was

reopening the matter.  Id. at 7-8.  The Court therefore concluded that the BCNR's 2015 decision

was not final agency action and thus could not be reviewed under the APA.  This decision was

affirmed on appeal.  See Palacios v. Spencer, 906 F.3d 124, 128 (D.C. Cir. 2018).

Palacios has now returned to this Court, again requesting that the Court either upgrade his

discharge status directly or remand the issue to the BCNR for further reconsideration.  Compl.

¶¶ 27-29.  In his new complaint against the Acting Secretary of the Navy, which is otherwise

virtually identical to the amended complaint he sought to file in Palacios I, Palacios does not

seek back pay and thus avoids the Tucker Act's jurisdictional bar.  He also alleges that the

BCNR "failed to consider . . . the evidence presented," which the Court infers included evidence

purporting to indicate that certain mental health conditions that contributed to his OTH discharge stemmed from his chronic back pain.  Id. ¶¶ 23, 25.[1]

The Government has moved to dismiss the complaint, arguing that, under the doctrine of issue preclusion, Palacios' claim is barred by the Court's ruling in Palacios I that the BCNR's 2015 reconsideration decision was not final agency action.  The Court heard argument on March 3, 2020.

## II.   Legal Standards

Claims barred by the doctrine of issue preclusion are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).  See RSM Prod. Corp. v. Freshfields Bruckhaus Deringer U.S. LLP, 800 F. Supp. 2d 182, 189 (D.D.C. 2011).  In analyzing a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The Court takes all of the factual allegations in the complaint as true and construes those facts "liberally in the plaintiff's favor with the benefit of all reasonable inferences derived from the facts alleged."  Johnson v. United States, No. 17-cv-2411 (CRC), 2019 WL 2424039 at *3

---

[1] When Palacios' attorney filed this case, the local rules required him to list all "related cases" on the civil cover sheet at the time of filing and specified that cases "shall be deemed related where a case is dismissed, with prejudice or without, and a second case is filed involving the same parties and relating to the same subject matter."  See Local Rule 40.5(a)(4), (b)(2). Notwithstanding this clear mandate, Mr. Palacios' counsel failed to identify this case as related to Palacios I.  As a result, the case was randomly assigned to a different judge, who presided for nearly a year before government counsel (who did not handle the prior case) realized the relationship between the two cases and notified the judge of the need for a transfer.  The delay and inefficiency occasioned by this episode, not to mention the potential specter of improper judge-shopping, underscore the importance of reading and following the requirements of the local rules.

(D.D.C. June 10, 2019) (quoting <u>Stewart v. Nat'l Educ. Ass'n</u>, 471 F.3d 169, 173 (D.C. Cir. 2006)).  However, the Court may also take "judicial notice of its own records, public records from other proceedings, and documents attached as exhibits or incorporated by reference in the complaint."  <u>Alford v. Providence Hosp.</u>, 60 F. Supp. 3d 118, 123 (D.D.C. 2014).

## III.  Analysis

The doctrine of issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to [a] prior judgment." <u>Gulf Power Co. v. F.C.C.</u>, 669 F.3d 320, 323 (D.C. Cir. 2012).  The party asserting the bar must show three things: (1) "the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case"; (2) "the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case"; and (3) "preclusion in the second case must not work a basic unfairness to the party bound by the first determination."  <u>Martin v. Dep't of Justice</u>, 488 F.3d 446, 454 (D.C. Cir. 2007) (quoting <u>Yamaha Corp. of America v. United States</u>, 961 F.2d 245, 254 (D.C. Cir. 1992)).  All three of these elements are met here.

First, the same issue raised in this case—whether the 2015 BCNR decision was final agency action—was actually litigated and resolved in <u>Palacios I</u>.  To recap, in its motion to dismiss that case, the Government contended that the 2015 decision was not subject to review under the APA because it was not final agency action.  Mot. to Dismiss 5, <u>Palacios I</u>, No. 16-2110 (D.D.C. Jan. 17, 2017), ECF. No. 5.  In response, Palacios maintained "that the BCNR's [2015] decision is a final agency action from which Plaintiff has subsequent [APA] appeal rights."  Opp'n 2, <u>Palacios I</u>, No. 16-2110 (D.D.C. Feb. 14, 2017), ECF No. 7.  Siding with the Government, the Court held that "the 2015 Board decision [Palacios] challenges is not 'final

agency action,'" because, first, "there is no indication in the Board's denial, nor any allegation in his complaint or briefing, that Palacios introduced new evidence in his 2013 appeal that was not previously available to the Board" and, second, the Board did not clearly state that it had reopened the matter.  Palacios I, 267 F. Supp. 3d at 7-8 (emphasis omitted).  Plainly, then, the issue of whether the 2015 BCNR decision is "final agency action" was "contested by the parties and submitted for judicial determination" in Palacios I.  Yamaha Corp., 961 F.2d at 254.[2]

Palacios seemingly concedes, as he must, that the issue whether the 2015 BCNR decision was "final agency action" was contested by the parties and submitted for judicial determination in Palacios I.  So he reframes the relevant issue as "whether the evidence of Plaintiff's declining mental health constitutes new evidence" and argues that issue was not actually litigated in the prior case.  Opp'n 6.  Not so.  Palacios alleged in the prior complaint that he had presented "new and material evidence" before the BCNR in 2015, Compl. ¶ 23, Palacios I, No. 16-2110 (D.D.C. Oct. 22, 2016).  The government contested that allegation.  Reply, Palacios I, No. 16-2110 (D.D.C. Mar. 3, 2017), ECF No. 3.  And, as detailed above, the Court squarely resolved the dispute in the government's favor, holding that "there is no indication in the Board's denial, nor any allegation in his complaint or briefing, that Palacios introduced new evidence in his 2013 appeal that was not previously available to the Board."  Palacios I, 267 F. Supp. 3d at 7.  That includes any evidence regarding Palacios' deteriorating mental health condition.  In any case,

---

[2] This issue was also actually litigated on appeal.  In his opening appellate brief, Palacios maintained that the BCNR's decision was final agency action.  See Br. of Appellant 20, Palacios, No. 17-5246 (D.C. Cir. June 29, 2018), ECF No. 27.  The Government disputed that contention in its opposition brief.  Br. of Appellee 12, Palacios, No. 17-5246 (D.C. Cir. May 24, 2018), ECF No. 19.  Ultimately, the D.C. Circuit held that the 2015 BCNR decision was not "a judicially reviewable decision" because it merely affirmed the Board's original decision in denying a petition for reconsideration.  Palacios, 906 F.3d at 127.

Palacios cannot avoid the issue preclusion bar by reframing the argument he made in the prior case in different terms.  "If a new legal theory or factual assertion put forward in the second action is related to the subject-matter and relevant to the issues that were litigated and adjudicated previously, so that it could have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged."  Yamaha Corp., 961 F.2d at 257–58 (internal quotation marks and citations omitted).  The first prong is therefore satisfied.

The second requirement of issue preclusion—that the issue was actually and necessarily determined by a court of competent jurisdiction—is also met.  The issue was "actually and necessarily determined" because the Court held that "the Board's 2015 denial of reconsideration was not 'final agency action,'" Palacios I, 267 F. Supp. 3d at 7, and that determination was essential to the Court's conclusion that granting Palacios leave to amend his complaint would be futile.  Palacios resisted this conclusion at oral argument by asserting, for the first time, that because the Court dismissed Palacios I for lack of jurisdiction under the Tucker Act, its ruling was not issued by a "court of competent jurisdiction" for purposes of issue preclusion.  He is mistaken.  "Issue preclusion applies to dismissal for lack of jurisdiction as well as for other grounds." Safadi v. Novak, 574 F. Supp. 2d 52, 55 (D.D.C. 2008); see also GAF Corp. v. United States, 818 F.2d 901, 912 (D.C. Cir. 1987) ("The judgment ordering dismissal[ ] [ ] will have preclusive effect as to the matters actually adjudicated; it will, for example, preclude relitigation of the precise issue of jurisdiction that led to the initial dismissal.").  Thus, the Court's ruling that the 2015 BCNR decision was final agency action has preclusive effect even though the Court dismissed Palacios I because it lacked subject matter jurisdiction over the case.

Palacios is also mistaken that his claim falls under the "curable defect exception" to issue preclusion.  Opp'n 5.  While a judgment ordering dismissal will "preclude relitigation of the

precise issue of jurisdiction that led to the initial dismissal," the curable defect exception

provides that relitigation is permissible if there are developments subsequent to the initial

dismissal that "'cure' the jurisdictional deficiency identified in the first suit."  GAF Corp., 818

F.2d at 912–13.  But this exception is strictly limited to allegations that "identify 'occurrences

*subsequent* to the original dismissal' that 'remed[y] . . . the *jurisdictional* deficiency.'"  Nat'l

Ass'n of Home Builders v. E.P.A., 786 F.3d 34, 41 (D.C. Cir. 2015) (emphases added) (quoting

Dozier v. Ford Motor Co., 702 F.2d 1189, 1192 (D.C. Cir. 1983)).  Here, nowhere in his

pleadings does Palacios allege an occurrence or development subsequent to this Court's

dismissal of his first suit in 2017 that would cure the defects identified in that opinion.  Nor was

the previously litigated issue—whether the 2015 BCNR decision was final agency action—

jurisdictional; it was a merits issue.  See Trudeau v. F.T.C., 456 F.3d 178, 183-84 (D.C. Cir.

2006) ("[W]here judicial review is sought under the APA rather than a particular statute

prescribing judicial review, the requirement of final agency action is *not* jurisdictional . . . . what

[the APA does] provide is a limited cause of action for parties adversely affected by agency

action.").  The exemption therefore does not apply.

      Finally, as to the third requirement of issue preclusion, Palacios does not contend that

barring this action would work a basic unfairness.  Nor could he.  As the background facts make

plain, Palacios has had ample opportunity to contest his 25-year-old discharge determination

through both the military process and in the courts.  So while Palacios' doggedness is notable,

the interests of judicial finality and efficiency call for bringing an end to his pursuit in this Court.

## IV. Conclusion

For the foregoing reasons, the Court will grant defendant's Motion to Dismiss.  A separate Order shall accompany this memorandum opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:  July 14, 2020